IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL NITKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MAIN LINE HEALTH d/b/a BRYN MAWR HOSPITAL,<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 20-4825-KSM |

### MEMORANDUM

**Marston, J.**                                                                                          **September 28, 2022**

Presently before the Court is Ms. Nitkin's supplemental fee petition, in which she requests $18,240.00 in attorneys' fees for the work her attorneys did on her initial fee petition (which this Court granted in part and denied in part in early July 2022). (Doc. No. 93.). Ms. Nitkin also seeks $2,758.36 in pre-judgment interest, as well as post-judgment interest. (*Id.*) MLH has filed an opposition, arguing that the supplemental fee petition is untimely as is Ms. Nitkin's additional request for pre-judgment interest.[1] (Doc. No. 94.)

For the reasons that follow, the supplemental fee petition is granted in part and denied in part.[2]

---

[1] Pursuant to this Court's Policies and Procedures, we issue this ruling without waiting for a reply. *See* Judge Marston's Policies and Procedures, Section II.B.4 ("The Court will <u>not</u> necessarily delay its decision while awaiting a reply or sur-reply brief.").

[2] Because the Court writes only for the parties (and has written numerous Memoranda in this case, including on Ms. Nitkin's original fee petition, that chronicle the history of this case), the Court omits the factual background and procedural history. *See Nitkin v. Main Line Health*, Civ. Action No. 20-4825-KSM, 2022 WL 2651969 (E.D. Pa. July 8, 2022).

**I.     Discussion**

MLH argues that Ms. Nitkin's supplemental fee petition is untimely, she has not shown that the delay was caused by excusable neglect, and the amount requested is excessive. In addition, MLH asserts that Ms. Nitkin's request for pre-judgment interest is untimely. We address these contentions below.

    *A.     Ms. Nitkin's Supplemental Fee Petition Is Untimely*

Undoubtedly, Ms. Nitkin's supplemental fee petition is untimely.

Federal Rule of Civil Procedure Rule 54(d)(2)(B) governs motions for attorneys' fees. It provides, "Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought."[3] Fed. R. Civ. P. 54(d)(2)(B). Rule 54 defines "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). For purposes of a petition for supplemental fees, "the relevant event . . . is the entry of the judgment that required the prevailing party to incur the additional fees." *Bernback v. Greco*, Nos. 05-4642, 05-4643, 2007 WL 108293, at *2 (3d Cir. Jan. 16, 2007); *McGuffey v. Brink's, Inc.*, Civil Action Nos. 05-2840, 07-2299, 2009 WL 2476621, at *2 (E.D. Pa. Aug. 11, 2009); *see also First Bank P.R. v. Daniel*, Civil No. 2014-100, 2017 WL 6347790, at *2 (D.V.I. Dec. 12, 2017) ("When a party incurs attorney's fees seeking relief after judgment has been entered, the event that starts the clock is when the court enters its subsequent adjudication on those efforts seeking post-judgment

---

[3] Rule 54 provides for an exception where a party is seeking fees and expenses as sanctions, but that exception does not apply here. *See* Fed. R. Civ. P. 54(d)(2)(E) ("Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927.").

relief."). In other words, the relevant judgment is the court's ruling on the original fee petition. *See McGuffey*, 2009 WL 2476621, at *2 (holding that the petition for supplemental fees was timely because it was filed only two days after the court ruled on the original fee petition, "thus falling well within the 14-day period").[4]

Here, the Court granted in part and denied in part Ms. Nitkin's initial fee petition on July 7, 2022, which was docketed the following day, July 8, 2022. (*See* Doc. Nos. 88–90.) But Ms. Nitkin did not file her supplemental fee petition until September 12, 2022—over two months later. (*See* Doc. No. 93.) Accordingly, the supplemental fee petition is untimely.

### B.     *The Court Cannot Excuse the Untimeliness of Ms. Nitkin's Fee Petition*

Because the supplemental fee petition is untimely, the Court now turns to MLH's contention that we may not even inquire as to whether Ms. Nitkin's counsel failed to file the supplemental fee petition earlier as a result of excusable neglect and, in the alternative, that the totality of the circumstances show that David Koller, Ms. Nitkin's counsel, did not fail to act because of excusable neglect.

Federal Rule of Civil Procedure 6(b) governs extensions of time. It provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time

---

[4] In *Taylor v. USF-Red Star Express, Inc.*, the plaintiff's counsel filed a supplemental motion for attorney's fees while his initial motion for attorney's fees was still pending. 212 F. App'x 101, 110 (3d Cir. 2006). The defendant claimed that the supplemental petition was untimely under Rule 54(d)(2)(B) because it was filed more than 14 days after the entry of any judgment. *Id.* The Third Circuit disagreed, reasoning that it was "logical" for the plaintiff's counsel to file a supplemental fee petition only after finishing briefing his response to the defendant's opposition to the initial motion for attorney's fees. *Id.* at 112–13. The court noted "courts considering the timeliness of supplemental motions have allowed these motions to be filed as long as their timing was reasonable." *Id.* at 112. The case before us is distinguishable—unlike *Taylor*, it was not logical for Ms. Nitkin's counsel to wait to file a supplemental fee petition. There was simply no logical reason for the delay. On July 7, 2022, when the Court ruled on the initial fee petition, Ms. Nitkin's counsel had already incurred all of his additional fees as of the date of the fee petition hearing, June 21, 2022, other than those incurred when drafting the supplemental fee petition.

*. . . on motion made after the time has expired if the party failed to act because of excusable neglect.*" Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). When a motion is untimely, to comply with the requirements of Rule 6(b)(1)(B), "a party must [1] make a formal motion for extension of time and [2] the district court must make a finding of excusable neglect, under the Pioneer Factors, before permitting an untimely motion." *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010); *see also ADAPT of Phila. v. Phila. Housing Auth.*, 511 F. Supp. 2d 510, 515–16 (E.D. Pa. 2007) ("If the moving party does not seek an extension until after the time limit has expired, the court may exercise its discretion only if a motion is made and the moving party proves its failure to comply with the applicable deadline was the result of excusable neglect.").

Courts have found that Rule 6(b) applies to fee petitions that are untimely under Rule 54(b). *See, e.g.*, *Escamilla v. Nuyen*, Civil Action No. 14-00852 (RMM), 2017 WL 4296718, at *4 (D.D.C. Sept. 26, 2017) ("Rule 6(b) applies to fee petitions filed under Rule 54(b), and therefore constrains this Court's ability to review a late-filed fee petition. Indeed, extending the deadline for filing a fee petition in these circumstances without a showing of excusable neglect 'would impede the[] efficiency and fairness goals' that Rule 54(d)(2)(B) was designed to further." (citation omitted)); *see also Mendez v. Dentists, P.C.*, 04 CV 4159, 2011 WL 13381786, at *7 (N.D. Ill. Aug. 18, 2011) ("[B]ecause the time to file a fee petition has expired, Rule 6(b) of the Federal Rules of Civil Procedure allows for the enlargement of time after the expiration of the specified period 'where the failure to act was the result of excusable neglect.' In order to allow the late filing of a motion for fees the district court would be required to find 'excusable neglect' under Rule 6(b)(2).").

Here, Mr. Koller did not file a motion seeking an extension of time before the deadline for submitting a supplemental fee petition, which "proves fatal for his request for fees and costs."

4

*Escamilla*, 2017 WL 4296718, at *5 ("Mr. Escamilla's failure to seek an enlargement of the deadline for filing his Fee Petition proves fatal to his request for fees and costs. . . . Without a formal motion for an extension, a court has 'no basis on which to exercise its discretion' to extend a deadline after it has lapsed.  Consequently, this Court has not authority to extend the deadline for Mr. Escamilla's late-filed Fee Petition, or to consider the merits of Mr. Escamilla's request for fees and costs.  Instead, Mr. Escamilla's Petition must be denied as untimely.").

But even if the Court were to somehow construe Ms. Nitkin as having made a formal motion for an enlargement of time, we would still be unable to extend the deadline under Rule 6(b) because she has not shown that the delay in filing her supplemental fee petition was a result of excusable neglect.

In determining what kind of neglect rises to the level of "excusable," courts consider the four factors set forth by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993):  (1) the danger of prejudice to the party opposing the modification; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *See Drippe*, 604 F.3d at 785 (citing *Pioneer*, 507 U.S. at 395); *Escamilla*, 2017 WL 4296718, at *5 (citing *Pioneer*, 507 U.S. at 395).  "Whether the party's neglect is 'excusable' is an equitable determination." *Franlogic Scout Dev., LLC v. Scott Holdings, Inc.*, Civil Action No. 16-5042, 2018 WL 2002203, at *3 (E.D. Pa. Apr. 30, 2018).  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

Nowhere in her supplemental fee petition does Ms. Nitkin allege that the delay was caused by excusable neglect.  Nor does she allege any facts suggesting that the neglect was

excusable or any facts showing good faith on her attorneys' part.  This alone mandates the conclusion that any enlargement request must be denied under Rule 6(b) for failure to show excusable neglect.  *See Mendez*, 2011 WL 13381786, at *7 ("Neither in her original fee motion . . . or in her current request to file a fee motion . . . did Plaintiff allege that there was excusable neglect.  Nor did she allege facts constituting excusable neglect . . . As a result, Plaintiff waived her right to assert that the motion for fees and costs could properly be allowed on the basis of excusable neglect.").

Nevertheless, the Court finds that the totality of the circumstances weigh against a finding of excusable neglect.  First, MLH would be prejudiced if Ms. Nitkin were permitted to file her supplemental motion for attorneys' fees given that the deadline to appeal the Court's ruling on initial motion for attorneys' fees lapsed over a month ago.  "One purpose of the fourteen-day deadline in Rule 54(d)(2)(B) is to provide notice to the opposing party of the claim for attorneys' fees before the time to appeal has lapsed."[5]  *Franlogic Scout Dev., LLC*, 2018 WL 2002203, at *3 (citing Fed. R. Civ. P. 54(d)(2)(B) advisory committee's note to 1993 amendment); *see also Rui Tong*, 2020 WL 5211237, at *5 ("Defendants have suffered prejudice

---

[5] The fact that Ms. Nitkin's initial fee petition mentioned that she would be filing a supplement does not change our analysis that MLH did not have proper notice.  (*See* Doc. No. 79 at 1 n.1 ("Plaintiff reserves her right to supplement this petition for fees and costs and/or file a subsequent petition seeking reimbursement for work performed after the filing of the instant Motion.").)  *See Levin v. Am. Honda Motor Corp., Inc.*, No. Civ. A. 94-5380, 1996 WL 195383 (E.D. Pa. Apr. 19, 1996) ("[P]laintiff's counsel in this case argues that its untimely petition should be excused because [the defendant] had notice that plaintiff would be seeking attorneys' fees from its arbitration memoranda . . . The Court does not agree with plaintiff's argument[].  Plaintiff does not cite, and the Court does not find, any authority to support the proposition that information notice is sufficient under Rule 54(d)(2)(B)."); *cf. Rui Tong v. Henderson Kitchen, Inc.*, Civil Action No. 17-1073, 2020 WL 5211237, at *5 (E.D. Pa. Sept. 1, 2020) (finding that the prejudice factor weighed against a finding of excusable neglect even though "[p]laintiffs stated in their post trial Proposed Findings of Fact and Conclusions of Law that they would seek attorney's fees" because they failed to provide the defendants "with an amount or fair estimate of those fees" and citing to the Advisory Committee Notes of the 1993 Amendments, which provide that "what is required is the filing of a motion to sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)").

because Plaintiffs filed their Motion for Attorney's Fees long after the time to appeal had lapsed. This deprived Defendants of notice of Plaintiffs' claim for attorney's fees, which may have affected Defendants' decision to appeal."); *Escamilla*, 2017 WL 4296718, at *6 (explaining that Rule 54's 14-day deadline "was intended to align the resolution of fee requests with the time for appealing the merits of the case and to assure that the opposing party is informed of the claim before the time to appeal has elapsed" (cleaned up)).

Second, Ms. Nitkin filed her supplemental fee petition almost two months after the deadline set by Rule 54(d)(2)(B)(i). This weighs neither in favor of nor against a finding of excusable neglect. *See Rui Tong*, 2020 WL 5211237, at *6 ("A delay of over three months, when the original deadline was fourteen days, and where Defendant's time to appeal had lapsed three months earlier, is, at best, a neutral factor."); *Franlogic Scout Dev., LLC*, 2018 WL 2002203, at *4 ("Here, Respondent's Motion for Attorneys' Fees was filed over two months after the deadline had lapsed . . . [T]here must be finality in litigation, and reopening the case to allow a motion for attorneys' fees would have some adverse impact on the judicial proceedings . . . [T]he length of delay and its potential impact on judicial proceedings is a neutral factor.").

Third, Plaintiff has not proffered any reason for the delay. (*See generally* Doc. No. 93.) And fourth, Plaintiff has failed to show that she acted in good faith. (*See generally id.*) *See Rui Tong*, 2020 WL 5211237, at *6 ("Finally, Plaintiffs do not show that they acted in good faith. The Third Circuit has held that 'a party acts in good faith when he acts with reasonable haste to investigate the problem and to take available steps toward a remedy.' Here, Plaintiffs have failed to explain how they acted in good faith, whether they knew they had passed the deadline to file their attorney's fees, what actions they took once they realized the deadline had passed, and whether they acted with any 'reasonable haste.' Giving Plaintiffs the benefit of the doubt, this

7

factor is, at best, neutral." (citation omitted)).

Taken together, on balance, the *Pioneer* factors weigh against a finding of excusable neglect.

### C. The Request for Pre-Judgment Interest Is Untimely

Last, MLH argues that Ms. Nitkin's request for pre-judgment interest must be denied as untimely. We agree.

Motions for pre-judgment interest fall within the ambit of Federal Rule of Civil Procedure 59(e). *See Osterneck v. Ernsty & Whinney*, 489 U.S. 169, 176 (1989) (holding that "a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) would apply"); *Schake v. Colt Indus. Operating Corp. Severance Plan for Salaried Emps.*, 960 F.2d 1187, 1192 (3d Cir. 1992) (noting that post-judgment motions for pre-judgment interest must be filed pursuant to the time limitations set forth in Rule 59(e); *see also Cannon v. Vill. of Bald Head Island, N.C.*, Case No. 7:15-CV-00187-M, 2021 WL 3177410, at *2 (E.D.N.C. July 27, 2021) ("In this case, Plaintiffs' motion for prejudgment interest is properly classified as Rule 59(e) motion.").

Rule 59(e) requires motions to alter or amend a judgment, such as motions for pre-judgment interest, to be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e); *see also Todd v. Luzerne Cnty. Children & Youth Servs.*, No. 3:04-CV-02637, 2012 WL 1191597, at *1 (M.D. Pa. Apr. 10, 2012) ("Rule 59(e) requires a motion seeking prejudgment interest to be filed within twenty-eight (28) days after entry."). Here, judgment was entered on November 2, 2021 (*see* Doc. No. 61), so the deadline to file a motion seeking prejudgment interest was November 30, 2021. But Ms. Nitkin did not seek pre-judgment interest until September 12, 2022—nearly 10 months later. (*See* Doc. No. 93.) Accordingly, the request is

untimely. *See Cannon*, 2021 WL 3177410, at *2 (finding that the plaintiffs' motion for prejudgment interest was untimely under Rule 59(e) because it was filed 37 days after the judgment was issued); *China Fortune Land Dev. v. 1955 Capital Fund I GP LLC*, Case No. 19-cv-07043-VC, 2021 WL 2883183, at *2 (N.D. Cal. July 9, 2021) ("[A] motion to revise a judgment to include pre-judgment interest is considered a Rule 59(e) motion, such that it must be brought within 28 days of judgment. Because the motion for pre-judgment interest was brought more than 28 days after judgment, the motion is untimely."); *Todd*, 2012 WL 1191597, at *2 (denying motion for pre-judgment interest as untimely where it was filed 545 days after the entry of judgment).

Nor would any belated motion for an enlargement of time be fruitful. As noted, Rule 6(b) governs extensions of time. And under Rule 6(b)(2), "a court *must not* extend the time to act under Rules . . . 59(e)." Fed. R. Civ. P. 6(b)(2) (emphasis added); *see also Cannon*, 2021 WL 3177410, at *2. Therefore, the Court has no ability to extend the filing period here.

Accordingly, Ms. Nitin's motion for pre-judgment interest is denied.

## II.     Conclusion

For the foregoing reasons, the Court grants in part[6] and denies in part Ms. Nitkin's supplemental fee petition.

An appropriate Order follows.

---

[6] MLH did not address Ms. Nitkin's request for post-judgment interest. The Court finds it is appropriate and will grant the motion as to post-judgment interest only.